## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JBS Hair, Inc.,

                Plaintiff,

                           Case No. 1:21-cv-1857-MLB

v.

Sun Taiyang Co., Ltd.,

                Defendant.

_____/

### OPINION & ORDER

Defendant Sun Taiyang Co., Ltd. moves to transfer this action to the United States District Court for the District of New Jersey.  (Dkt. 24.) The Court denies that motion.

## I.   Background

Plaintiff JBS Hair, Inc. owns three patents on hair accessories made of bundled, synthetic braiding hair.  (Dkts. 1 ¶¶ 6, 12, 18; 1-1; 1-2; 1-3.)  Plaintiff has not granted Defendant permission to use any portion of the subject matter claimed in the patents.  (Dkt. 1 ¶¶ 27, 35, 43.) Plaintiff says Defendant nevertheless makes, sells, or imports products that incorporate one or more of the inventions claimed in the patents.

(*Id.* ¶¶ 25–26, 33–34, 41–42.)  Plaintiff filed a complaint asserting patent infringement claims against Defendant.  (*Id.* ¶¶ 24–47.)  Defendant moves to transfer under 28 U.S.C. § 1404.  (Dkt. 24.)

## II.   Discussion[1]

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  There is no dispute this action "might have been brought" in the District of New Jersey.  *See Mirasco, Inc. v. Am. Nat. Fire Ins. Co.*, No. 1:00-CV-947, 2000 WL 34440850, at *4 (N.D. Ga. July 5, 2000) ("[T]he threshold question is whether this action might have been brought in the [other district court].").  The sole question is thus whether transferring this action to that court would serve "the convenience of parties and witnesses" and the "interest of justice."

A court looks to nine factors to determine the propriety of transfer:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources

---

[1] Because analysis of a motion to transfer does not raise issues unique to patent law, Eleventh Circuit law governs the analysis.  *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Defendant, as the moving party, bears the burden of establishing the balance of interests favor transfer and it must make a strong case. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "[I]f the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied." *Sarvint Techs., Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015) (quoting *Bell v. K-Mart Corp.*, 848 F. Supp. 996, 998 (N.D. Ga. 1994)). "The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case." *Sehic v. Van Anderson*, No. 3:12cv614, 2012 WL 6569073, at *1 (M.D. Ala. Nov. 14, 2012); *Tommy Bahama Grp., Inc. v. The Walking Co.*, No. 1:07-CV-1402, 2007 WL 3156254, at *2 (N.D. Ga.

Oct. 18, 2007) ("When considering a motion to transfer, trial judges are afforded considerable discretion in weighing the [Section 1404 factors].").

## A.    Discussion

The first factor is the convenience of the witnesses which "is one of the most important factors in evaluating a motion to transfer . . ., with a focus on 'key witnesses.'" *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1340 (N.D. Ga. 2015). Defendant argues because its headquarters are in New Jersey, the bulk of company witnesses would be available there and "if there are any third-party witnesses related to the alleged infringement by [Defendant] that are not currently employed by [Defendant], they are likely located in New Jersey." (Dkt. 24 at 10–11.) But Defendant fails to identify a single witness.[2] "The party seeking the transfer must support its motion by clearly specifying the key witnesses

---

[2] Defendant contends the relevant witnesses (the inventors) remain employed by Plaintiff or Jinny Corporation (a company associated with Plaintiff). (Dkt. 24 at 11.) And Jinny Corporation has two locations and hosts trade shows in New Jersey. (*Id.*) Non-party Jinny Corporation's activities are, however, irrelevant. *See Protechna S.A. v. Greif, Inc.*, No. 1:06-cv-1060, 2007 WL 9702255, at *2 (N.D. Ga. Jan. 5, 2007) (disregarding non-party's location in evaluating the convenience of the parties). Eddie Jhin, Plaintiff's President and a named inventor of the patents-in-suit, also testified by declaration Jinny Corporation is a separate, independent company incorporated and headquartered in Georgia. (Dkt. 33-2 ¶¶ 1, 9, 16–20.)

to be called and particularly stating the significance of their testimony."
*Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1362
(S.D. Fla. 2001); *see also* 15 Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 3851 (4th ed. 2022) ("If the moving
party merely has made a general allegation that necessary witnesses are
in the transferee forum, without identifying them and providing
sufficient information to permit the district court to determine what and
how important their testimony will be, the motion to transfer should be
denied.").   There is also a distinction between party and non-party
witnesses because "party witnesses are assumed to be more willing to
testify in a different forum than non-party witnesses." *Internap*, 114 F.
Supp. 3d at 1340 (internal quotation omitted).   The convenience of non-
party witnesses thus carries more weight in the transfer analysis.[3]
Defendant has identified no non-party witnesses who would be available

---

[3] Defendant argues Mr. Jhin's LinkedIn profile represents he is in
Brooklyn, New York and public information suggests he has business ties
to New Jersey. (Dkt. 24 at 12.) Mr. Jhin, however, testified at the time
of the invention and today he is a resident of Georgia, living in the metro
Atlanta area. (Dkt. 33-2 ¶¶ 10–11.) He testified that he has never been
a resident of Brooklyn, New York. (*Id.* ¶ 12.)

in the District of New Jersey but not in the Northern District of Georgia. This factor thus weighs against transfer.

The second factor is the location of relevant documents and ease of access to sources of proof, and both parties agree Defendant, as the accused infringer, will likely produce a significant amount of relevant evidence. (Dkts. 24 at 13; 33 at 12–13.) Defendant contends its documents and servers are located in New Jersey but "the location of physical documents does not play a substantial role in the venue analysis due to electronic storage and transmission of information" because "technology has significantly reduced the burden imposed by litigating in a foreign forum." *Sarvint Techs.*, 161 F. Supp. 3d at 1268. "Other sources of proof, such as product samples, weigh marginally in favor of transfer." *Rehrig Pacific Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 318-055, 2019 WL 2407504, at *4 (S.D. Ga. June 6, 2019). The alleged infringing products have been sold or offered to be sold in this judicial district or have been manufactured and provided to intermediaries for distribution throughout the country, including in this judicial district. (Dkt. 1 ¶¶ 2, 4.) And the portable nature of the parties' products make transportation to any courthouse easy. The ease of electronic discovery and

transportation of the products at issue thus make this factor weigh narrowly in favor of transfer.

The third factor is the convenience of the parties. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). "Where a transfer merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain." *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000). "The Court places little weight on the 'domicile of corporate defendants and their place of incorporation,'" *Am. Safety Cas. Ins. Co. v. Bio-Tech Sols., Inc.*, No. 1:05-1cv-3152, 2007 WL 951529, at *4 (N.D. Ga. Mar. 26, 2007) (quoting *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 831–32 (N.D. Ga. 1970)), or on an "alleged hardship [that is] unsupported by way of proof or affidavit," *Grey*, 315 F. Supp. at 831. There is no dispute Defendant is headquartered in New Jersey and it would generally be more convenient for it to litigate there. Defendant also contends it has no office in Georgia. But Defendant does lease a warehouse in this district where it stores product. (Dkt. 24-1 ¶ 10.) And Plaintiff is, and has been, headquartered in the Northern District of

Georgia for twenty years.[4]  (Dkts. 33 at 5; 33-2 ¶¶ 2–3.)  Plaintiff's sole officer and two of its four shareholders also live in the metro-Atlanta area.  (Dkts. 33 at 5; 33-2 ¶¶ 5–6.)  Transferring the case to New Jersey thus would merely shift the burden from Defendant to Plaintiff.  This factor is either neutral or weighs narrowly against transfer.

The fourth factor is the locus of operative facts which is where the defendant designed, developed, manufactured, marketed, and sold the alleged infringing product.  *Internap*, 114 F. Supp. Ed at 1341 (citing *Polyform A.G.P. Inc. v. Airlite Plastics Co.*, No. 4:10-CV-43, 2010 WL 4068603, at *5 (M.D. Ga. Oct. 15, 2010)).  Many courts refer to this as the "center of gravity," that being "where the accused product was designed and developed." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877, 2009 WL 455432, at *2–3 (S.D. Fla. Feb. 23, 2009).  Also relevant is the location where the defendant made marketing and sales decisions, but not necessarily "just the location of any particular sales activity." *Id.* at *3. Kyungja Kay Park, Defendant's President, testified by declaration the

---

[4] Defendant again addresses Jinny Corporation's connections to New Jersey and New York. (Dkt. 24 at 15.) *See Protechna*, 2007 WL 9702255, at *2 (disregarding non-party's location in evaluating the convenience of the parties).

alleged infringing products are manufactured in China, Indonesia, Senegal, Nigeria, and Bangladesh, but the research and development, design, marketing, importation, product preparation, offers for sale, and sales occur or have occurred in New Jersey. (Dkt. 24-1 ¶¶ 4–5.) While the manufacturing did not occur in the proposed transferee forum, many of Defendant's other business functions did. Plaintiff counters that "Defendant's patent infringement has been nationwide, including, it seems, in this judicial district via its warehouse."[5] (Dkt. 33 at 15.) "The sale of an accused product offered nationwide," however, "does not give rise to a substantial interest in any single venue." *Internap*, 114 F. Supp. 3d at 1341 (quoting *In re Acer Am. Corp.*, 626, F.3d 1252, 1256 (Fed. Cir. 2010)). The locus of operative facts is thus in the District of New Jersey and this factor weighs in favor of transfer.

The fifth factor is the availability of process to compel the attendance of unwilling witnesses. A district court can only subpoena non-party witnesses inside its district or within 100 miles of the district.

---

[5] Plaintiff also argues the patents were developed in Georgia, but "the location of patent development is not the relevant inquiry, rather it is the location where the defendant developed its products and engaged in other infringing activities." *Rehrig Pacific*, 2019 WL 2407504, at *5.

*See* Fed. R. Civ. P. 45(c).  Party witnesses are not relevant to this factor "because employee witnesses are subject to compulsory process in either forum by virtue of their employment relationship with a party." *Sarvint*, 161 F. Supp. 3d at 1269 (internal quotation omitted).  Defendant contends because its headquarters and base of operations are in New Jersey, several third-party witnesses are likely to be located there. (Dkt. 24 at 18–19.)  Defendant, however, has "identified no witnesses who would be unwilling to testify in this forum." *White v. Alcon Film Fund, LLC*, No. 1:13-cv-1163, 2013 WL 12063923, at *7 (N.D. Ga. July 9, 2013). This factor is thus neutral.

The sixth factor is the relative means of the parties.  The parties do not contend their relative means are unequal, "thus tilting the balance in favor of one forum over the other." *Polyform*, 2010 WL 4068603, at *4. This factor is neutral.

The seventh factor is a forum's familiarity with the governing law which both parties agree is neutral.  (Dkts. 24 at 20–21; 33 at 16.)

The eighth factor is the weight accorded a plaintiff's choice of forum. When deciding a motion to transfer under Section 1404, the Court employs a "strong presumption against disturbing plaintiff['s] initial

forum choice." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (quoting *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983)); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981))).   Even so, multiple district courts in the Eleventh Circuit have found, and the Court agrees, a plaintiff's choice of forum should be entitled to less weight where the locus of operative facts is outside the chosen forum.  *See, e.g.*, *Internap*, 114 F. Supp. 3d at 1342; *Rehrig Pacific*, 2019 WL 2407504, at *6.  As discussed above, the locus of operative facts is in the District of New Jersey.   Notwithstanding the foregoing, the Court still finds Plaintiff's choice of forum is entitled to deference because Plaintiff is a Georgia corporation with its principal place of business in Georgia.  *See Acrotube, Inc. v. J.K. Fin. Grp., Inc.*, 653 F. Supp. 470, 477 (N.D. Ga. 1987) ("Absent clear justification, courts in this district have consistently refused to override a plaintiff's choice of forum, especially where, as here, the plaintiff has brought suit in its home district.").  This factor thus weighs narrowly against transfer.

The ninth factor is trial efficiency and the interests of justice, based on the totality of the circumstances. Plaintiff originally filed five nearly identical suits against five defendants in this district. *JBS Hair v. Hair Zone, Inc.*, 1:21-cv-1858; *JBS Hair v. Beauty Essence, Inc.*, 1:21-cv-1860; *JBS Hair v. SLI Prod. Corp.*, 1:21-cv-1861; and *JBS Hair v. Beauty Elements, Corp.*, 1:21-cv-1859. Three of those cases were transferred to the District of New Jersey. *Hair Zone*, 1:21-cv-1858, Dkt. 46; *Beauty Essence*, 1:21-cv-1860, Dkt. 49; *SLI Production*, 1:21-cv-1861, Dkt. 48. Defendant argues that allowing the District of New Jersey to handle "all five cases" relating to the same three asserted patent would conserve judicial resources, increase trial efficiency, avoid inconsistent judgments, and ultimately serve the interests of justice. (Dkt. 24 at 23.) But *Beauty Elements* cannot be transferred to the District of New Jersey under 28 U.S.C. § 1404. *See* 1:21-cv-1859, Dkt. 53. Thus, while three cases will proceed in the District of New Jersey, one action will remain in this court. This factor is thus neutral.

In sum, Defendant has failed to meet its heavy burden of persuading the Court that transfer to the District of New Jersey is warranted. Although some factors weigh in favor of transfer, the overall

balance requires the Court to conclude this action should not be transferred.

III.  **Conclusion**

The Court **DENIES** Defendant's Motion to Transfer.  (Dkt. 24.)

**SO ORDERED** this 26th day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE