IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JBS HAIR, INC.,

        Plaintiff,

  v.

SUN TAIYANG CO., LTD.

        Defendant.

CIVIL ACTION

NO. 1:21-CV-01857-MLB

**JURY TRIAL DEMANDED**

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Counsel for Plaintiff JBS Hair, Inc. ("JBS") and Defendant Sun Taiyang Co., Ltd. ("ST") submit this Joint Statement regarding a discovery dispute concerning ST's financial discovery responses.[1]  Beginning in June 2023 and continuing to the present, JBS and ST have met and conferred multiple times in an attempt to resolve this dispute but have been unable to do so.

**JBS's Position**

JBS seeks financial documents and information necessary to prove its damages case against ST's accused products, including documents and information sufficient to show ST's monthly revenues from accused products (Request Nos. 2 and 11) and profits (Request No. 12) from the date the accused products were first sold through the present.  *See* Exhibit A.  Interrogatory Nos. 2, 11, and 12 seek similar information.  *See* Exhibit B.

ST's counsel has repeatedly stated it would produce responsive documents and supplement its interrogatory responses but has refused to provide financial information on a monthly (or even quarterly) basis for the entire relevant period.  ST's counsel has repeatedly stated it would produce responsive documents and supplement its interrogatory responses but has refused to provide financial information on a monthly (or even quarterly) basis for the entire relevant period.  ST has produced only aggregate data related to revenue, number of units imported, and costs for the period from the issuance of the patents-in-suit through the end of the 2Q 2023.[2]  ST's response to Interrogatory No. 2 provides only aggregate revenue for each accused product, and has not been updated since November 2, 2021.  ST has produced annual income statements, but refuses to respond to Interrogatory Nos. 11 and 12; relying instead on Rule 33(d) without citing any supporting documents, as it must.  *Graco, Inc. v. PMC Glob., Inc.*, Civil Action No. 08-1304 (FLW), 2011 U.S. Dist. LEXIS 30980, at *104-05 (D.N.J. Mar. 24, 2011) (noting requirements of Rule 33(d)).  ST's objections to Request No. 11, which specifically requests "revenue . . . presented by month and year" do not

---

[1] The parties are filing a similar joint statement in the related case *JBS Hair, Inc. v. Beauty Elements Corp.*, Civil Action No, 1:21-cv-01859-MLB.

[2] Contrary to BE's assertion, it has not provided "detailed revenue data." BE's data is aggregated for the entire period reported and is not the level of detail provided in either of BE's cited cases. JBS is not requesting that BE provide every piece of paper supporting its revenue for a quarter.  However, without monthly or quarterly information, JBS's damages expert will not be able to evaluate either the accuracy of the information provided, or trends in sales and/or revenue.

reference any objection to providing the requested information on that basis. Moreover, ST's willingness to provide data going forward on a quarterly basis undermines its refusal to provide such information for the past quarters it has reported in the aggregate.

ST should be ordered to provide more detailed information from the time of the product's launch. *HID Global Corp. v. Vector Flow, Inc.*, No. 21-1769, 2023 U.S. Dist. LEXIS 12331, at *9, *10 (D. Del. July 16, 2023) (requiring a responding party to produce the underlying data for summary financial data). ST's 30(b)(6) witness testified that the data JBS requests should ST easily generated—and not burdensome as ST suggests. (*E.g.*, Ex. C at 31:9-34:23.) Further, Beauty Elements' sales and profits prior to the issuance of the patents-in-suit are relevant to reasonable royalty damages, including the starting point for a reasonable royalty under the *Georgia-Pacific* framework. *Conopco, Inc. v. Warner-Lambert Co.*, No. CIV.A. 99-101 (KSH), 1999 WL 1565082, at *6 (D.N.J. Jan. 24, 2000); *DNA Genotek Inc. v. Spectrum*, No. 21cv516-DMS-LL, 2021 U.S. Dist. LEXIS 239054, *19-23 (C.D. Cal. Dec. 14, 2021) (granting motion to compel quarterly and annual financial statements including for time period before issuance because such information is relevant to "damages analysis").

**Sun Taiyang's Position**

This is principally a dispute regarding the level of detail of financial information required to be produced for accused products in a patent infringement case. Plaintiff bears the burden of first demonstrating that the information it seeks from defendant is relevant and necessary. *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991). Sun Taiyang objects to providing sales data that is broken down on a monthly or quarterly basis because it is not only irrelevant and necessary, such information is disproportionate to the needs of this case. Defendant is not opposed to providing future updated sales data that would include its most recent quarter.

Defendant has provided detailed sales and revenue numbers for each of the accused products and that data has been updated to at least the last quarter, starting from September 2020, the period that the first patent issued. This is not an arbitrarily determined date as Plaintiff complains. Rather, it captures the entire damages period up to the most recent quarter. Accordingly, JBS has possession of cumulative up-to-date sales and revenue data for each of the accused products.

In *ASUS Computer International v. Round Rock Research, L.L.C.*, the court limited the scope of discovery pertaining to the sales data for accused products.

*ASUS Computer International v. Round Rock Research, L.L.C.*, 2013 WL 6113253, *1 (N.D. Cal. November 20, 2013) (Ex. D). There, Round Rock filed a motion to compel ASUS to produce "documents showing cost or profits of the accused products on a monthly, quarterly, [and] annual basis," as well as "any documents showing projected sales of any of the accused products." *Id*. ASUS argued that it had already produced "annual sales of each accused product by unit and dollar amount, as well as the costs of these products." *Id*. Ultimately, the court agreed with ASUS and denied Round Rock's request to compel, holding that "Round Rock ha[d] not shown the inadequacy of already-produced sales data or the need for sales data in a quarterly, rather than annual, basis." *Id*. Similarly, the court in *Water Technology, L.L.C. v. Kokido Development Limited*, 2020 WL 42822, *3 (E.D. Mo. 2020) (Ex. E), the court noted that while damage-related discovery is essential in a patent infringement lawsuit, the plaintiff had not justified its need for "granular details" such as "sales data per month, per customer, and per location, as requested."

Thus, providing granular sales data as to each accused product here is burdensome and out of proportion to the needs of this case.   Further, providing such sales information on a granular basis for each product is extremely sensitive and competitive data.

 Additionally, it is difficult to discern exactly what Plaintiff is requesting and what it is complaining about. On one hand Plaintiff complains that defendant generated a responsive document "which appears to have been generated for the purpose of this litigation. . ." Plaintiff also complains that it should not be required to blindly accept "attorney-generated summary spreadsheets without access to the underlying data." (The data here was not "attorney-generated"). On the other hand, Plaintiff also complains that the deposition testimony shows that the data that plaintiff is requesting should be "easily generated."

Plaintiff's excessive and overburdening document requests can be illustrated by its complaint that Defendant has not provided underlying documents.  For example, providing the underlying import information would involve producing every purchase order, shipping manifests, import broker fee and similar documents.  Providing the underlying revenue data would include the sales invoices and payment receipts for every customer for each Defendant.

Here, Plaintiff should be required to demonstrate what necessary documents would satisfy these requests in addition to the data already provided and would not be disproportionate to the needs of this matter.

Respectfully submitted, this 10th day of October, 2023.


/s/*Olivia E. Marbutt*

Daniel A. Kent
 dankent@kentrisley.com
 Telephone: (404) 585-4214
 Facsimile: (404) 829-2412
Samuel J. Najim
 samnajim@kentrisley.com
 Telephone: (404) 855-3866
 Facsimile: (678) 806-7126
Olivia E. Marbutt
 oliviamarbutt@kentrisley.com
 Telephone: (404) 855-3865
 Facsimile: (770) 538-1715

KENT & RISLEY LLC
5755 N Point Pkwy, Suite 57
Alpharetta, GA 30022

Attorneys for Plaintiff

/s/*Frederick K. Taylor*

Anthony J. Dain (admitted pro hac vice)
 anthony.dain@procopio.com
Frederick K. Taylor (admitted pro hac vice)
 fred.taylor@procopio.com
Raymond K. Chan (admitted pro hac vice)
 raymond.chan@procopio.com
**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Coby S. Nixon
cnixon@taylorenglish.com
Georgia Bar No. 545005
Seth K. Trimble
strimble@taylorenglish.com
Georgia Bar No. 851055
**Taylor English Duma LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Phone: (770) 434-6868
Fax: (770) 434-7376

Attorneys for Defendant