# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JBS HAIR, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SUN TAIYANG CO., LTD.,<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>1:21-cv-01857-MLB<br><br><br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT'S CORRECTED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Sun Taiyang Co., Ltd. ("Defendant") hereby responds to JBS Hair, Inc.'s ("Plaintiff") First Requests for Production of Documents ("Requests").

## PRELIMINARY STATEMENT

1.　Defendant has responded to the Requests as it interprets and understands them. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's understanding, Defendant reserves the right to supplement or amend its objections and/or responses.

2.　The responses set forth herein are based on information presently available to Defendant following a diligent search, reasonable in scope, for

154443142.1

information in its possession, custody or control. Defendant reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

3. In that regard, Defendant reserves the right to revise, amend, correct, supplement, modify or clarify its objections and responses in accordance with the Federal Rules of Civil Procedure.

4. Defendant will not produce information protected from disclosure by the attorney-client privilege, the work product immunity and/or any other applicable privilege or immunity. Inadvertent disclosure of information that is privileged, prepared in anticipation of litigation or for trial, or otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, or the subject matter thereof or the information contained therein, or of the right of Defendant to object to the use of any such information during any subsequent proceeding. If any documents are withheld from production on the basis of any privilege, other than those excluded pursuant to the parties' Joint Preliminary Report and Discovery Plan (Doc. 13) and any subsequent orders, a privilege log will be served on Plaintiff.

5. Defendant has various documents in its possession, custody, or control that are subject to third-party confidentiality restrictions. If any documents are withheld from production on the basis of third-party confidentiality restrictions, Defendant will identify the third party, begin discussions with the third party regarding disclosure of the documents, and advise Plaintiff of its efforts relating to same.  Pursuant to Local Patent Rule 2.1, if any document or information produced is deemed confidential by Defendant and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential – Subject to Protective Order" and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

6. Defendant has various responsive documents in its possession, custody, or control that contain confidential, proprietary, and/or business-sensitive information. The parties anticipate negotiating the terms of a Stipulated Protective Order. In the event that the Stipulated Protective Order is not entered by the date on which Defendant is to produce the documents, it will either withhold the production of any such confidential, proprietary, and/or business-sensitive documents pending entry of the Stipulated Protective Order or will reach an agreement with counsel for Plaintiff that will allow for the production of such documents pending entry of the

Stipulated Protective Order. Pursuant to Local Patent Rule 2.1, if any document or information produced is deemed confidential by Defendant and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential – Subject to Protective Order" and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

7. Subject to the Federal Rules of Civil Procedure, Defendant's responses to the Requests shall not constitute an admission by Defendant either that any Request or any response thereto is relevant to, or admissible as evidence in, any trial or other proceeding. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents referred to herein or produced in response to any Request are expressly reserved.

<strong>RESPONSES TO DOCUMENT REQUESTS</strong>

1. Documents sufficient to identify all Accused Products made, used, sold, offered for sale, or imported into the United States since the issuance of any of the JBS patents.

**<u>RESPONSE</u>:**

Defendant objects to Request No. 1 on the ground that the term "Accused Product" is vague, ambiguous, undefined and lacks scope or limitation. Defendant further objects to the extent that Request 1 seeks identification of "any and all other

products that consist of bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents," which purports to request that Defendant identify and analyze all products in the braiding hair industry and opine on whether such products would be considered bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents. Defendant further objects to Request No. 1 to the extent that at the time of this response none of the claim terms of the JBS patents have been interpreted by the Court.

Subject to its objections, Defendant will produce relevant, non-privileged documents sufficient to identify the products specifically accused of infringement in this case responsive to this request, to the extent that such documents exist.

2. Documents sufficient to show all revenues from the sale of all Accused Products made, used, sold, offered for sale, or imported into the United States since the issuance of any of the JBS patents.

**RESPONSE:**

Defendant incorporates its objections to Request No. 1 herein. Defendant objects to Request No. 2 on the grounds that it is vague, ambiguous, overly broad and not limited in time and scope. Defendant further objects to the extent that the information requested is confidential and the Court has not entered a protective order. Until such time as a protective order is in effect, disclosure of such information shall be limited to each party's outside attorney(s) of record and the

employees of such outside attorney(s).

Subject to its objections, Defendant will produce relevant, non-privileged documents related to products specifically accused of infringement in this case responsive to this request, to the extent that such documents exist in the normal course of business.

3. All documents you contend support or evidence each of the "Separate Defenses" asserted in your Answer and Counterclaim [Doc.10].

**RESPONSE:**

Defendant objects to Request No. 3 on the ground that it is premature at this stage in the litigation. Defendant's defenses are asserted in the Answer and Counterclaims based on information and belief upon a reasonable investigation of the facts. Defendant will supplement its response to Request No. 3 and produce relevant, non-privileged documents responsive to this request when additional facts become available through further investigation and discovery.

4. All documents you contend support or evidence your assertion that this is an exceptional case under 35 U.S.C. § 285 and that Defendants are entitled to and award of reasonable attorneys' fees.

**RESPONSE:**

Defendant objects to Request No. 4 on the ground that it is premature at this stage in the litigation. Defendant's defenses are asserted in the Answer and Counterclaims based on information and belief upon a reasonable investigation of

6

ambiguous, overly broad and not limited in time and scope. Defendant further objects to Request No. 10 since the Court has not construed any of the terms of the claims of the JBS Patents. Defendant further objects to this Request to the extent that it is premature and calls for information that is properly obtained through the expert discovery process. Defendant will timely supplement its response after the Court has construed any claim terms the meaning of which may be in dispute, and may produce additional documents responsive to Request No. 10 after claim construction and expert discovery.

Subject to its objections, Defendant will produce relevant, non-privileged documents responsive to this Request.

11. Documents sufficient to show all revenues generated by Defendant attributable in any way to sales or services associated with Defendant's Accused Products, including without limitation any products or services provided to customers who purchased, leased, or otherwise contracted for Defendant's Accused Products, from the first sale through the present, presented by month and year. Please include in your production documents sufficient to show each line item of revenue by type, date, customer name, amount, the product and/or service to which the revenue pertains, and identification of the documents that reflect this information.

**RESPONSE:**

Defendant objects to Request No. 11 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation. Defendant further objects to Request 11 on the grounds that the term

10

"Accused Product" is vague, ambiguous, undefined and lacks scope or limitation. Defendant further objects to Request No. 11 to the extent that it uses the term or phrase "attributable in any way" which is vague and ambiguous. Defendant further objects to Request No. 11 to the extent that it seeks the disclosure of information or documents that Defendant does not maintain.

Subject to its objections, Defendant will produce relevant, non-privileged documents responsive to this Request that identify revenues for the products specifically accused of infringement in this action for the time period beginning from the date of issuance of the first of the JBS Patents.

12. Documents sufficient to show all profits generated by Defendant attributable in any way to sales or services associated with Defendant's Accused Products, including without limitation any products or services provided to customers who purchased Defendant's Accused Products, from the first sale through the present. Please include in your production documents sufficient to show any and all costs considered in calculating the identified profit, the accounting methodologies used to calculate profits, and identification of the documents that reflect this information.

**RESPONSE:**

Defendant objects to Request No. 12 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation. Defendant further objects to Request 12 on the grounds that the term "Accused Product" is vague, ambiguous, and lacks scope or limitation. Defendant

11

further objects to Request No. 12 to the extent that it uses the term or phrase "attributable in any way" which is vague and ambiguous. Defendant further objects to Request No. 12 to the extent that it seeks the disclosure of information or documents that Defendant does not maintain and which is not easily discernable by Defendant. For example, costs are not allocated by Defendant on a per product basis. Defendant further objects to the extent that Request No. 12 requests that Defendant assert a legal conclusion as to how profits would be calculated in a manner that would be relevant to this case.

Subject to its objections and understanding of the Request, Defendant will produce relevant, non-privileged documents responsive to Request No. 12 related to revenues for the products specifically accused of infringement in this action.

13. Documents that refer to, reflect, relate to all marketing and/or advertising activities relating to the Accused Products.

**RESPONSE:**

Defendant objects to Request No. 13 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation.

Subject to its objections and understanding of this Request, Defendant will produce relevant, non-privileged documents responsive to Request No. 13 for the

in time and scope to the issues pertaining to this litigation or to the products accused of infringement.

Subject to its objections, Defendant will produce relevant, non-privileged documents related to the JBS patents of JBS's synthetic braiding hair products.

Dated: November 2, 2021             By: */s/ Dennis C. Hopkins*

                                                  Attorneys for Defendant Sun Taiyang Co. Ltd.

154443142.1