# EXHIBIT B

███████████████████████████████

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JBS HAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUN TAIYANG CO., LTD., <br><br> Defendant. | CIVIL ACTION NO. <br> 1:21-cv-01857-MLB <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S CORRECTED RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Sun Taiyang Co., LTD ("Defendant") hereby serves its responses to JBS Hair, Inc.'s ("Plaintiff") First Interrogatories ("Interrogatories").

**PRELIMINARY STATEMENT**

1. Defendant has responded to the Interrogatories as it interprets and understands them. Defendant is the only defendant in this case and there are no Co-Defendants. If Plaintiff subsequently asserts an interpretation of any interrogatory that differs from Defendant's understanding, Defendant reserves the right to supplement or amend its objections and/or responses.

2. The responses set forth herein are based on information presently available to Defendant following a diligent search, reasonable in scope, for

154179798.1

information in its possession, custody or control. Defendant reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

3. In that regard, Defendant reserves the right to revise, amend, correct, supplement, modify or clarify its objections and responses in accordance with the Federal Rules of Civil Procedure.

4. Defendant will not produce information protected from disclosure by the attorney-client privilege, the work product immunity and/or any other applicable privilege or immunity. Inadvertent disclosure of information that is privileged, prepared in anticipation of litigation or for trial, or otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, or the subject matter thereof or the information contained therein, or of the right of Defendant to object to the use of any such information during any subsequent proceeding.

5. Defendant has various documents and information in its possession, custody, or control that are subject to third-party confidentiality restrictions. If any information is withheld from disclosure on the basis of third-party confidentiality restrictions, Defendant will identify the third party, begin discussions with the third

party regarding disclosure of the information, and advise Plaintiff of its efforts relating to same. Pursuant to Local Patent Rule 2.1, if any document or information produced is deemed confidential by Defendant and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "Confidential – Subject to Protective Order" and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

6. Subject to the Federal Rules of Civil Procedure, Defendant's responses to the Interrogatories shall not constitute an admission by Defendant either that any interrogatory or any response thereto is relevant to, or admissible as evidence in, any trial or other proceeding. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents referred to herein are expressly reserved. Unless otherwise indicated in a specific response, Defendant's responses to the Interrogatories are not a concession that any individual identified by Defendant will be called as a witness or that such person possesses discoverable information, or that the subject matter of the particular interrogatory is relevant to this action.

## RESPONSES TO INTERROGATORIES

1. Identify all Accused Products made, used, sold, offered for sale, or imported into the United States since the issuance of any of the JBS patents.

2. Identify all revenues from the sale of all Accused Products made, used, sold, offered for sale, or imported into the United States since the issuance of any of the JBS patents.

**RESPONSE:**

Defendant incorporates its objections to Interrogatory 1 herein. Defendant objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overly broad and not limited in time and scope. Defendant further objects to Interrogatory 2 on the ground that the term "Accused Product" is vague, ambiguous, undefined and lacks scope or limitation. Defendant further objects to the extent that Interrogatory 2 seeks identification of "any and all other products that consist of bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents," as Plaintiff defines Accused Product, which would seem to request that Defendant identify and analyze all products in the braiding hair industry and opine on whether such products would be considered bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents. Defendant further objects to the extent that the information requested is confidential and the Court has not entered a protective order. Until such time as a protective order is in effect, disclosure of such information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). Defendant

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

further objects to the extent that Interrogatory 2 is more appropriate for a request for documents than an interrogatory. The '026 patent issued on September 29, 2020.

Gross Revenue from U.S. sales from 9/29/2020 to 9/30/2021 for each product identified in Interrogatory 1 are as follows:



3. State in detail the factual basis for each of the "Separate Defenses" asserted in your Answer and Counterclaim [Doc.10].

**RESPONSE:**

Defendant objects to Interrogatory No. 3 on the ground that it is premature at this stage in the litigation. Defendant's defenses are asserted in the Answer and Counterclaims based on information and belief upon a reasonable investigation of the facts. Defendant will supplement its response to Interrogatory 3 when additional facts become available through further investigation and discovery.

154179798.1

and other similar companies in the industry sell represent non-infringing alternatives or design-arounds available to Defendant. Defendant has not yet completed its investigation and review of documents regarding Interrogatory No. 10. Based on its objections and understanding of the Interrogatory, Defendant will identify documents responsive to Interrogatory No. 10 and reserves the right to produce documents pursuant to Rule 33(d).

11. Identify and describe in detail all revenues generated by Defendant attributable in any way to sales or services associated with Defendant's Accused Products, including without limitation any products or services provided to customers who purchased, leased, or otherwise contracted for Defendant's Accused Products, from the first sale through the present, presented by month and year. Please include in your response each line item of revenue by type, date, customer name, amount, the product and/or service to which the revenue pertains, and identification of the documents that reflect this information.

**RESPONSE:**

Defendant objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation. Defendant objects to Interrogatory No. 11 on the ground that the term "Accused Product" is vague, ambiguous, undefined and lacks scope or limitation. Defendant further objects to the extent that Interrogatory No. 11 seeks identification of "any and all other products that consist of bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents," as

-12-

Plaintiff defines Accused Product, which would seem to request that Defendant identify and analyze all products in the braiding hair industry and opine on whether such products would be considered bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents. Defendant further objects to Interrogatory No. 11 on the ground that it is more appropriate for a request for documents than an interrogatory. Defendant further objects to Interrogatory No. 11 to the extent that it uses the term or phrase "attributable in any way" which is vague and ambiguous. Defendant further objects to Interrogatory No. 11 to the extent that it seeks the disclosure of information or documents that Defendant does not maintain. Subject to the foregoing, Defendant provides the following response which represents gross revenue for U.S. sales from 9/29/2020 to 9/30/2021 of products that Plaintiff has accused of infringement:



Consistent with its objections and understanding of the Interrogatory,

-13-

Defendant will identify documents that reflect this information and reserves the right to produce documents pursuant to Rule 33(d).

12. Identify and describe in detail all profits generated by Defendant attributable in any way to sales or services associated with Defendant's Accused Products, including without limitation any products or services provided to customers who purchased Defendant's Accused Products, from the first sale through the present. Please include in your response a detailed description of any and all costs considered in calculating the identified profit, the accounting methodologies used to calculate profits, and identification of the documents that reflect this information.

**RESPONSE:**

Defendant objects to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation. Defendant further objects to Interrogatory No. 12 on the ground that the term "Accused Product" is vague, ambiguous, undefined and lacks scope or limitation. Defendant further objects to the extent that Interrogatory No. 12 seeks identification of "any and all other products that consist of bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents," as Plaintiff defines Accused Product, which would seem to request that Defendant identify and analyze all products in the braiding hair industry and opine on whether such products would be considered bundled synthetic braiding hair within the broadest reasonable interpretation of the JBS Patents. Defendant further objects to

-14-

Interrogatory No. 12 on the ground that it is more appropriate for a request for documents than an interrogatory. Defendant further objects to Interrogatory No. 12 to the extent that it uses the term or phrase "attributable in any way" which is vague and ambiguous. Defendant further objects to Interrogatory No. 12 to the extent that it seeks the disclosure of information or documents that Defendant does not maintain and which is not easily discernable by Defendant. For example, costs are not allocated by Defendant on a per product basis. Defendant further objects to the extent that Interrogatory No. 12 requests that Defendant assert a legal conclusion as to how profits would be calculated in a manner that would be relevant to this case. Consistent with its objections and understanding of the Interrogatory, Defendant will identify documents responsive to Interrogatory No. 12 and reserves the right to produce documents pursuant to Rule 33(d).

13. Identify and describe all marketing and/or advertising activities relating to the Accused Products, including an identification of any documents related to your response.

**RESPONSE:**

Defendant objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overly broad and irrelevant to the extent that it requests information or documents that are not limited in time and scope to the issues pertaining to this litigation. Defendant further objects to Interrogatory No. 13 on the ground that the term "Accused Product" is vague, ambiguous, undefined and lacks scope or

-15-

██████████████████ -20- ██████████████████

believes that Kyungja Kay Park is the person most knowledgeable with respect to the discoverable, non-objectionable, non-privileged subject matter of interrogatories 1-16.

Dated: November 2, 2021      By: */s/ Dennis C. Hopkins*

                                            Attorneys for Defendant Sun Taiyang Co. Ltd.