# EXHIBIT E

2020 WL 42822
Only the Westlaw citation is currently available.
United States District Court, E.D. Missouri, Eastern Division.

WATER TECHNOLOGY, LLC and Water Tech. Corp., Plaintiffs/Counterclaim Defendants,
v.
KOKIDO DEVELOPMENT LIMITED and Menard, Inc., Defendants/Counterclaim Plaintiffs.

Case No. 4:17-cv-01906-AGF
|
Signed 01/03/2020

**Attorneys and Law Firms**

Nathan P. Sportel, Dustin Lee Taylor, Pro Hac Vice, Husch Blackwell, LLP, Chicago, IL, Paul Lawrence Smelcer, Erin Darnell Knese, Rudolph A. Telscher, Jr., Shannon David Peters, Steven Edward Holtshouser, Husch Blackwell LLP, St. Louis, MO, for Plaintiffs/Counterclaim Defendants.

Jill M. Browning, Pro Hac Vice, P. Branko Pejic, Pro Hac Vice, Michael J. Fink, Neil F. Greenblum, Greenblum and Bernstein PLC, Reston, VA, John G. Beseau, Foley and Mansfield, P.L.L.P., Clayton, MO, Deirdre C. Gallagher, Foley and Mansfield, P.L.L.P., St. Louis, MO, for Plaintiffs/Counterclaim Defendants.

## MEMORANDUM AND ORDER

AUDREY G. FLEISSIG, UNITED STATES DISTRICT JUDGE

*1 This matter is before the Court on Plaintiff's motion to compel discovery from Defendant Menard. EFC No. 192. For the reasons set forth below, the motion will be granted in part and denied in part.

### BACKGROUND

This is a patent infringement case primarily between two manufacturers of swimming pool vacuum cleaners, Plaintiff Water Tech and Defendant Kokido. Defendant Menard, a retailer and the subject of the present motion to compel, was one of Water Tech's largest buyers until it switched to Kokido products in 2017.[1] Menard is named as a defendant in this lawsuit by virtue of its status as a Kokido customer and a vendor of the accused products.

On December 13, 2017, Water Tech served Menard with 73 requests for production and nine interrogatories. ECF No. 193, Ex. 2 & 5. As relevant here, Water Tech's request included the following (paraphrased):

**Requests for Production** (Doc. 193-2):

13. Communications between Menard and third parties (other than Kokido) referring to Water Tech or the asserted patents;

15. Communications between Menard and any distributor of Kokido products relating to Water Tech, the asserted patents, or the accused products;

31. Documents related to Menard's sale and distribution of accused products;

32. Documents sufficient to determine Menard's gross revenue from accused products;

33. Documents sufficient to determine Menard's monthly sales from accused products, per customer or per product, with quantity and dollar value;

35. Documents sufficient to show gross and net selling price and annual sales per accused product;

40. Documents reflecting Menard's advertising and promotion of the accused products;

41. Sales projections and pricing policies for the accused products;

67. Documents related to Menard's decision to start buying Kokido products.

**Interrogatories** (Doc. 193-5):

2. For each accused product, on annual, monthly, per product, and per customer bases since date of first sale: (1) location where sold, (2) delivery location, (3) gross and net sales in dollars, (4) cost of goods sold, (5) gross profit margin, (6) any other direct or indirect costs allocated to those sales on gross and per-unit bases;

5. Communications, both internal and with Kokido, including date, time, and substance, relating to Menard's decision to buy Kokido products.

In response on January 19, 2018, Menard asserted a general objection that the requests were premature, asserted boilerplate objections to the majority of specific requests, produced a total of seven documents, and agreed to provide some others in the future. The Court issued its *Markman* order March 18, 2019. The parties moved for entry of a case management order on May 2, 2019, and that order issued June 9, 2019, setting a discovery deadline of September 9, 2019. On June 28, 2019, Water Tech contacted Menard to obtain responses to the aforementioned RFPs and interrogatories. Menard has refused to respond.

**\*2** In its motion to compel,[2] Water Tech asserts that its requests are narrowly tailored to Menard's role as a defendant customer/retailer and are relevant to questions of damages, indirect infringement based on instructions for use, and the rationale behind Menard's decision to switch products. Menard objects to the motion on numerous grounds: (1) the motion is untimely because Water Tech waited over a year after Menard's initial responses to demand additional discovery; (2) Water Tech's claims against Menard involve only one product, the Telsa 30, so, if Kokido prevails on summary judgment with respect to the '460 patent, then Menard should be dismissed from the lawsuit entirely; (3) Water Tech's requests are disproportionate and intended to harass a competitor's customer; and (4) Kokido has already provided data of its sales to Menard such that Water Tech's damages expert does not need further data to form his opinions.

In reply, Water Tech explains that the reason it waited until June 2019 to pursue its discovery requests is because Menard had initially promised to produce the information, and both sides had delayed discovery enforcement pending the Court's *Markman* ruling; Menard refused to comply only recently. Water Tech further asserts that its damages include "pull-through" sales of non-accused products attributable to Telsa 30 sales as well as price erosion as a result of Kokido's cheaper products. Finally, Water Tech argues that the information in Menard's possession is relevant to reinforce the expert's opinion, prove Water Tech's theories of the case, and rebut Kokido's defenses.

### DISCUSSION

**Timeliness**
The Court finds unpersuasive Menard's blanket objection based on timeliness. In its initial response, Menard objected to the entirety of Water Tech's requests as premature pending claim construction and a CMO, and Menard indicated that it would provide additional information in the future. ECF No. 193, Ex. 3, pp. 2, 31. The record chronicles the parties' extensive motion practice on a variety of issues since the date of Water Tech's initial request. The Court does not find it unreasonable that the parties suspended enforcement of their discovery demands pending claim construction and entry of the CMO. Given the evolution of this case, Menard's reliance on timing is misplaced.

**Relevance and Proportionality**
More centrally, regarding Menard's objections as to relevance and proportionality, Rule 26 provides that a party may generally obtain discovery regarding any non-privileged matter relevant to a party's claim and proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to information, their resources, and the importance of the information in resolving the case, and whether the burden or expense of the proposed discovery likely outweighs the benefit. Fed. R. Civ. P. 26(b)(1). The court must limit discovery to the extent that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *Mallak v. Aitkin County*, 13-CV-2119 (DWF/LIB), 2016 WL 9088760, at \*5 (D. Minn. Dec. 22, 2016)

Generally speaking, damages for patent infringement are governed by 35 U.S.C. § 284, providing that the court shall award a claimant damages adequate to compensate for the infringement. To recover lost profits, a patentee must show that, "but for" the infringement, it would have made the additional profits enjoyed by the infringer. *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003). "A patentee may resort to any

method showing, with reasonable probability, entitlement to lost profits 'but for' the infringement." *Id.* "Once the patentee establishes the reasonableness of this inference, the burden shifts to the infringer to show that the inference is unreasonable for some or all of the lost profits." *Id.* To prove price erosion damages, a patentee must show that, but for infringement, it would have sold its product at higher prices. *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1357 (Fed. Cir. 2001). A patentee may recover lost profits on "convoyed sales" (unpatented products sold with the patented product) only when both together constitute a functional unit. *Am. Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008). It is not enough that the products are sold together for convenience or business advantage. *Id.*

**\*3** The parties do not offer the Court an analysis of relevance and proportionality as to each request. Absent closer examination by the parties, it appears to the Court that Water Tech's various requests fall into three categories: (1) communications illuminating Menard's position on Water Tech's products and its decision to switch to Kokido products (RFP 13, 15, 67, Int. 5); (2) documents reflecting Menard's marketing strategies regarding the products (RFP 31, 40, 41); and (3) financial data on Menard's actual sales of the products (RFP 32, 33, 35, Int. 2).

Water Tech asserts that the communications are relevant to its damages theories and to Defendants' claims that Menard switched brands due to quality rather than price. It asserts that marketing and instructional documents may be relevant to its claim of indirect infringement and Menard's knowledge of which features drive sales. It further explains that the financial data provided by Kokido does not fully inform its theory of price erosion and whether Menard passed its cost savings onto customers.

Menard responds that the requested information is irrelevant and disproportionate to the needs of the case and therefore should be prohibited. In support of its position, Menard relies on precedent involving requests for discovery from third-party customers. *See e.g., Mallak v. Aitkin County*, 13-CV-2119 (DWF/LIB), 2016 WL 9088760, at \*11 (D. Minn. Dec. 22, 2016) (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (quashing subpoenas on non-parties); *Peter Kiewit Sons', Inc. v. Wall St. Equity Group, Inc.*, 8:10CV365, 2012 WL 1852048, at \*14 (D. Neb. May 18, 2012) (permitting discovery from a defendant's clients); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 182 (N.D. Ill. 2006) (enforcing protective order as to defendant's customers). The Court is not persuaded that these cases support Menard's wholesale objection to Water Tech's requests. Menard is not simply a non-party customer but rather a named defendant in this litigation.

Menard further responds by asserting that Water Tech's damages expert, Mr. Dalhart, conceded in deposition that he needed no further information from Menard in order to complete his opinion. The Court has read the excerpt of Mr. Dalhart's deposition filed in support of this theory and does not share Menard's interpretation. Rather, Mr. Dalhart testified that he had to make assumptions with respect to Menard's sales and thus the accuracy of Kokido's records. While the Court has no reason to doubt the latter, the fact remains that Mr. Dalhart had to make assumptions due to the absence of information from a *party defendant.* Menard fails to convince the Court that the information requested is irrelevant and also fails to articulate whether or how that production would be unduly burdensome. Whether Menard's sales data actually changes the expert's evaluation is beside the point; Water Tech is entitled to relevant discovery on damages.

The Court finds much of the information sought by Water Tech relevant to the extent it may show the alleged cause and amount of Water Tech's damages from lost profits. However, the Court will limit discovery in some respects. First, except with respect to RFP 67, Menard need only produce documents related to the patents-in-suit; Water Tech supplies no authority for its entitlement to discovery with respect to "pull through" sales. Menard must produce the documents in RFP 67 with respect to its decision to purchase Kokido products more generally. Second, Menard need not produce cumulative data to the extent that Kokido has already produced the same information. Third, Water Tech has not justified its need for Menard's sales data per month, per customer, and per location as requested in RFP 33 and Interrogatory 2. The Court finds Water Tech's request for these granular details excessive. Menard need only produce the requested discovery in terms of annual gross and net sales per accused product. Finally, RFPs 13 and 15 are overbroad and not limited in scope.

## CONCLUSION

**\*4 IT IS HEREBY ORDERED** that Water Tech's motion to compel is **GRANTED in part**. ECF No. 192. Menard shall respond to requests for production 13, 15,

31, 32, 35, 40, and 41 and interrogatories 2 and 5, to the extent the information sought relates to the remaining patents-in-suit and does not duplicate data already produced by Kokido.

**IT IS FURTHER ORDERED** that Water Tech's motion to compel is **DENIED** with respect to request for production 33 and Interrogatory 2 to the extent they seek sales data per month, per customer, and per location. Menard need only produce annual gross and net sales figures per accused product.

**IT IS FURTHER ORDERED** that the parties shall cooperate in good faith to schedule Menard's 30(b)(6) deposition as expeditiously as possible.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 42822

**Footnotes**

[1] According to Water Tech's complaint, Menard purchased approximately $2.4 million in Water Tech products between 2012 and 2016.

[2] Water Tech's motion to compel originally also sought production of specific ESI searches and the deposition of a corporate representative. The parties have since resolved those issues. ECF Nos. 205, 208-1, 211.

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.