# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JBS HAIR, INC.,**<br>　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**SUN TAIYANG CO., LTD.,**<br>　　　　　　　**Defendant.** | **Civil Action No. 1:21-cv-01857- MLB** |
| **JBS HAIR, INC.,**<br>　v.<br>　　　　　　　**Plaintiff,**<br><br>**BEAUTY ELEMENTS CORP.,**<br><br>　　　　　　　**Defendant.** | **Civil Action No. 1:21-cv-01859-MLB** |

### JOINT STATEMENT REGARDING DISCOVERY DISPUTES

Plaintiff JBS Hair, Inc. ("JBS" or "Plaintiff") and Defendants Sun Taiyang Co., Ltd. ("Sun Taiyang") and Beauty Elements Corp. ("BE") (collectively "Defendants") submit the following disputes regarding discovery. The parties met and conferred on these issues on July 22, 2024, and again on August 6, 2024, and have been unable to resolve these disputes.

## Plaintiff JBS's Position

This matter is time sensitive as the close of fact discovery in the above-referenced cases is August 19, 2024 (D.I.104). The above-captioned cases are running parallel to cases filed by Plaintiff in the United States District Court for the District of New Jersey (Civil Action Nos. 22- 01576, 22-01577, 22-01769-SRC-AME) (hereinafter "New Jersey District Court Cases") against additional Defendants Hair Zone, Inc. ("Hair Zone"), SLI Production IW Corp. ("SLI') and Beauty Essence, Inc. ("'Beauty Essence") (collectively "The New Jersey Defendants") who manufacture accused pre-stretched synthetic braiding hair products alleged to infringe the same three patents (the '026, '478 and '301 patents) asserted by Plaintiff in the cases before this Court. In the New Jersey District Court cases, the court recently issued an Order (DNJ Order (D.I.151)) (**Exhibit A**), compelling Defendants Hair Zone, SLI and Beauty Essence to produce their revenues, profits and costs and underlying data for each accused product during the infringement period, including 18 months prior to show trends. The infringement period begins September 29, 2020, the date of issuance of the asserted parent '026 patent, and runs until the present. Following a meet and confer on July 22, 2024, regarding the New Jersey Defendants noncompliance with DNJ Order (D.I.151), the New Jersey Defendants produced more documents and information in response to the DNJ Order (D.I.151) on July 26, 2024.

Plaintiff requested the same information from Defendants Sun Taiyang and Beauty Elements in the above-captioned cases in Plaintiff's Joint Statement Regarding Discovery Dispute dated 10/10/23 (D.I 89) and supplemental Joint Representation dated 10/23/23 (D.I. 92). The Court has not yet decided this discovery dispute. However, in an attempt to resolve this matter so as not to burden the Court, Plaintiff requested a meet and confer with Defendants Sun Taiyang and Beauty Elements on July 22, 2024. During the meet and confer, counsel for Defendants agreed that both Sun Taiyang and Beauty Elements would produce by August 9, 2024, their revenues, profits and costs and underlying data for each accused product during the infringement period, including 18 months prior to show trends – the same information ordered to be produced by the New Jersey District Court. *See* **Exhibit B** (07/23/24 and 07/25/24 emails between counsel). However, Defendants reneged on providing this discovery.

Plaintiff also requested Defendants to fully respond to Plaintiff's Interrogatory No. 10 regarding identification of alleged non-infringing alternatives, and the period

of sale during the infringement period as well as revenues, costs and profits for each alleged noninfringing alternative. *See* **Exhibits C and D** (Defendants' Responses to Interrogatory No. 10). Following the meet and confer and in response to Defendants' request, on July 22, 2024, Plaintiff provided authority to Defendants supporting Plaintiff's request for Defendants' full response to Interrogatory No. 10, regarding non-infringing alternatives. *See FCX Solar LLC v. FTC Solar Inc*, 2022 WL 3584946 (S.D.N.Y. 2022) (On a motion to compel, the court found that evidence of non-infringing alternatives and design-arounds was relevant in a patent case to the issue of reasonable royalty damages). **Exhibit E** (07/22/24 email from Plaintiff's counsel to Defendants' counsel providing authority). Plaintiff further noticed Rule 30(b)6) depositions for Sun Taiyang and Beauty Elements regarding the foregoing and the identity of Defendants' retail customers and addresses prior to the August 19 close of fact discovery. *See* **EXHIBIT F** (07/29/24 email serving Rule 30b6 Notices of Deposition) and **EXHIBIT G** (08/05/24 email serving Amended Rule 30(b)(6) Notices of Deposition). Defendants have not provided this discovery.

In view of the impending close of fact discovery on August 19, Plaintiff respectfully requests the Court to compel Defendants to produce the following information prior to the close of fact discovery: (1) revenues, costs and profits for their accused products for the infringement period consistent with DNJ Order (D.I.151); (2) the identification of alleged non-infringing alternatives and the period of sale during the infringement period as well as revenues, costs and profits for each alleged noninfringing alternative; (3) the identity of Defendants' retail customers and addresses; and (4) Rule 30(b)(6) depositions of each defendant on the foregoing information. This information is necessary for Plaintiff's damages expert to determine damages, including at least a reasonable royalty. Opening expert reports are due October 1, 2024. *See* **Exhibit H** (08/13/24 emails between counsel regarding discovery disputes).

## Defendants' Position

Plaintiff suddenly changed counsel weeks before the close of discovery in this matter and now desires a "do over" with regard to how it has conducted discovery thus far. However, this motion to compel based upon improper, broad and overreaching discovery demands, and rushed arbitrary deadlines should be denied.

Initially, Defendants request that the Court issue a Protective Order regarding the improper deposition notices and/or declare them invalid. Relatedly, the request for extensive customer information, which is coupled with the defective deposition notice, is improper. Additionally, Defendants properly objected to the interrogatory relating to non-infringing alternatives as that information is the province of expert testimony. Lastly, Defendants are amenable to augmenting their financial information but could not do so on Plaintiff's strained timeline. Further, Defendants

are able to provide information pursuant to the New Jersey Court's December 8, 2023 Order which was based upon the same sum and substance of the pending Joint Letter in this Court. **(See Exhibit 1, Dkt. 107)**

### A. The Deposition Notices Are Invalid and a Protective Order Should Issue Because JBS Has Already Twice Deposed the Corporate Entities Under Rule 30(B)(6).

JBS served substantive Rule 30(b)(6) deposition notices on August 28, 2023 ("August 2023 Notice") and took related depositions the following month. On July 29th, 2024, JBS served its third set of 30(b)(6) deposition notices upon the defendants in this case. At the time of these latest notices, JBS was aware that the primary counsel for defendants was on vacation with limited access to emails and other communications. Nonetheless, on August 5th, 2024 ("August 2024 Notice"), JBS served an amended 30(b)(6) deposition notice adding one additional topic. That additional topic is Topic Number 25 and states as follows:

> 25. Separately for each Accused Product identify all of Sun Taiyang's retail customers by name and address since issuance of the '026 patent on September 29, 2020, describe each and every geographic region, including metropolitan region, in the United States, and the retail customers within each region to whom Sun Taiyang distributes for sale each Accused Product, describe whether each customer is a retail store or beauty salon and identify all of Sun Taiyang's on-line retailers for each Accused Product.

Even though JBS served this amended deposition notice on August 5th, 2024– a notice which identified this new and extensive topic for Sun Taiyang to prepare and present a witness for testimony– it arbitrarily and unilaterally set a deposition date for just 10 days later on August 15th 2024. **See Exhibit 2**.

JBS has served two prior notices of deposition to Defendants; its recent deposition notices are its third notices, plus the third notice was amended. Rule 30(a)(2) requires a party to obtain leave of court prior to serving a notice or subpoena to depose again a deponent who has been deposed previously. Fed. R. Civ. P. 30(a)(2)(A)(iii). Thus, the instant deposition notices are defective on their face, and invalid. *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *2 (N.D. Ill., Aug. 19, 2005) ("The defendants here issued their second Rule 30(b)(6) subpoenas without leave of the court, despite the unambiguous requirement of Rule 30(a)(2)(B). The notices and subpoenas are thus invalid.").

Numerous courts have held that the one deposition rule of Rule 30(a)(2) applies when the deponent is a corporation deposed pursuant to Rule 30(b)(6). As set forth in 7 Moore's Federal Practice, § 30.05[1][c] at 30-30.3 (3d ed. 2005): The rule requiring

3

leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6). Even though a party may be deposing a different corporate representative, it is still seeking a "second" deposition of the entity. See also *Burdick v. Union Sec. Ins. Co.*, 2008 WL 5102851, at *3 (C.D. Cal., Dec. 3, 2008) (citing *Ameristar Jet Charter, Inc. v. Signal Composites*, Inc., 244 F.3d 189, 192 (1st Cir. 2001)); *State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 -235 (E.D. Pa., 2008); *Tingley Svs., Inc. v. Healthlink, Inc.*, 2007 WL 1365341(M.D. Fla., May 9, 2007).

Moreover, Defendants did not need to seek a protective order from invalidly noticed depositions. Where a notice is invalid on its face, the noticed party is not required to seek a protective order, and the motion to compel must be denied. *Appleton Papers Inc. v. George A. Whiting Paper Co.*, 2009 WL 2870622, 1 (E.D. Wis., Sept. 02, 2009). As further stated in *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 531 (N.D. Ill., 2005): The rule is quite clear and quite simple. Because the plaintiffs issued their notice for a second deposition of Mr. Ross without first seeking leave of the court, the notice was invalid under the Rule. See also, *Burdick v. Union Sec. Ins. Co.*, 2008 WL 5102851, at *3 (C.D. Cal., Dec. 3, 2008) (denying motion to compel where second notice of deposition pursuant to 30(b)(6) was invalid and noticed party did not move for protective order).

Accordingly, Defendants were not required to produce any witness or to move for a protective order under Rule 26(c). Nonetheless, Defendants do seek a protective order here to prevent any abuse of process and further wasted time and resources.

### B. A Protective Order Should Also Issue Because the New Deposition Notice Topics Are Entirely Duplicative of the Prior Deposition Notice.

While it is predictable that new counsel in this matter may have taken a different approach to discovery, that is not a basis for getting a "do over" on the corporate representative depositions. That is exactly what the new August Notice attempts, with thinly edited topics covering the same subject matters as the prior January Notice. Below is a summary of the complete overlap of topics as between the notices.

1. **Patent Awareness and Related Actions**

**August 2024 Notice**: Topics 14, 15, 19, 20 focus on when Hair Zone became aware of the JBS patents, the actions taken after becoming aware, and any reviews or analyses of the patents.

**August 2023 Notice**: Topics 1, 32, 37 similarly cover the earliest awareness of the patents, any actions or communications following that awareness, and legal positions regarding patent infringement or invalidity.

### 2. Communications Concerning Patents

**August 2024 Notice**: Topics 16-18 deal with internal communications about the JBS patents, as well as communications with co-defendants, customers, and third parties.

**August 2023 Notice**: Topics 2, 14, 17 also address communications involving JBS patents, including those with co-defendants and other external parties.

### 3. Design, Development, and Manufacturing of Accused Products

**August 2024 Notice**: Topics 24, 23 examine the design, manufacturing processes, and any use or reverse engineering of JBS products in creating the Accused Products.

**August 2023 Notice**: Topics 3-6 cover similar ground, looking at the design, development, and manufacturing processes, and the relationships with manufacturers.

### 4. Sales, Revenue, and Market Information

**August 2024 Notice**: Topics 1, 6-7, 25 focus on the financial details, including sales, revenues, and the distribution of the Accused Products, as well as comparisons with non-infringing alternatives.

**August 2023 Notice**: Topics 18-21, 27-30 similarly address revenues, profits, sales, and distribution, as well as the marketing and market analysis of the Accused Products.

### 5. Non-Infringing Alternatives and Design-Arounds

**August 2024 Notice**: Topics 2-5, 13 discuss non-infringing alternatives, their sales, and the timeline of their availability, along with any design-around efforts.

**August 2023 Notice**: Topic 17 also covers acceptable non-infringing alternatives or design-arounds available to Hair Zone. See Exhibits 2 and 3.

The rule prohibiting taking depositions of corporation representatives, in seriatim, is intended to prevent this type of burdensome discovery practices. In State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., the Court granted [Plaintiffs] motion for protective order as to a 30(b)(6) deposition notice based upon the fact that New Horizont failed to provide good cause as to why the subject topics "were not noticed at the previous two Rule 30(b)(6) depositions." Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co., CIV.A. 09-6435 FLW, 2011 WL 1466369 (D.N.J. Apr. 18, 2011) (citing 254 F.R.D. 227, 234-36 (E.D.Pa.2008). Here, JBS does not offer any justification why its more nuanced versions of the non-infringing alternatives topics could not have been set forth in the August 2023 notice.

### C. Defendants Properly Objected to the Topic Regarding Non-infringing Alternative and Design Arounds.

5

Defendants objected to interrogatories concerning the identification of non-infringing alternatives and design arounds because that subject matter is the province of expert testimony. *FCX Solar, LLC v. FTC Solar, Inc*., 2022 WL 3584946, at *7 (S.D.N.Y. Aug. 22, 2022), merely provides that evidence of non-infringing alteratives is relevant. Defendants never contended that such evidence was not relevant, but rather, such evidence is the subject of expert testimony rather than lay testimony. Indeed, expert testimony is required to establish the absence of acceptable non-infringing alternatives. *CellTrust Corp. v. ionLake, LLC*, No. 19-CV-2855, 2023 WL 3052733, at *6 (D. Minn. Apr. 23, 2023).

The parties may be at an impasse on this issue. However, Defendants were open to the possibility of providing sales figures for non-prestretched braiding hair as a category of products outside of the accused products. Ultimately, the parties likely disagree on the timing of producing such information, with Plaintiff demanding that such data be produced within one or two days.

### D. The NJ Court Denied JBS's Request to Receive Detailed Customer Information

Lastly, JBS has already moved to compel in the NJ Action on a request for production of documents that would have provided the customer information sought in this motion. JBS specifically moved on requests for production of documents, Nos. 7 and 8 and Interrogatories 7 and 8. Those requests sought to identify, by customer name, purchasers of the accused products. Defendants objected to disclosure and production of such information at that level of detail because it is burdensome and disproportionate to the needs of this case. The NJ District Court agreed, denying in part Plaintiff's request for such detailed customer information. **See Exh. 4, Dkt. 104 (pp. 5, 6, 17-19), Exh. 1, Dkt. 107**. In that Joint Discovery letter that accompanied that motion, Defendants specifically argued, and the Court apparently agreed, that disclosure of detailed customer information was out of proportion to the needs of this litigation. Thus, that issue has already been resolved by the NJ Court, and JBS has not provided justification for obtaining such information.

Respectfully submitted, this 13th day of August 2024.

By: */s/ Tony V. Pezzano*
Tony V. Pezzano, Esq. (admitted pro hac vice)
Jude A. Fry, Esq.
Mitchell R. Ghaneie, Esq.
Chintan A. Desai, Esq
Mark D. Klinko, Esq.
420 Lexington Avenue, Suite 2005
New York, New York 10170
T: (332) 345-4500
F: (518) 462-5260
tpezzano@lippes.com
jfry@lippes.com
mghaneie@lippes.com
cdesai@lippes.com

By: */s/ Warren J. Thomas*
Warren J. Thomas
GA Bar No. 164714
John W. Harbin
GA Bar No. 324130

Meunier Carlin & Curfman, LLC 999 Peachtree NE
Suite 1300
Atlanta, Georgia 30309
T: (404) 645-7700
wthomas@mcciplaw.com
jharbin@mcciplaw.com

Ted G. Semaya (admitted pro hac vice)
Semaya Law Firm
43 West 43rd Street, Suite 164
New York, New York 10036- 7424
1.914.844.6480
ted@semayalaw.com

*Attorneys for Plaintiff JBS Hair, Inc.*

By: */s/ Frederick K. Taylor*
Anthony J. Dain (admitted pro hac vice)
Frederick K. Taylor (admitted pro hac vice)
Raymond K. Chan (admitted pro hac vice)
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200 San Diego, CA 92101 Telephone: 619.238.1900
Facsimile: 619.235.0398
fred.taylor@procopio.com

*Attorneys for Defendants Sun Taiyang Co. LTD., and Beauty Elements, Corp.*