# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JBS HAIR, INC.,**<br>                              **Plaintiff,**<br><br>v.<br><br>**SUN TAIYANG CO., LTD.,**<br>                              **Defendant.** | **Civil Action No.**<br>**1:21-cv- 01857-MLB** |
| **JBS HAIR, INC.,**<br>v.<br>                              **Plaintiff,**<br><br>**BEAUTY ELEMENTS CORP.,**<br>                              **Defendant.** | **Civil Action No.**<br>**1:21-cv-01859- MLB** |

## MOTION FOR LEAVE TO REQUEST
## ADDITIONAL RULE 30(B)(6) DEPOSITIONS

Pursuant to the Court's instruction at the discovery hearing on September 3, 2024, the Court's minute entries (Dkt. 118 and 114, respectively), and Fed. R. Civ. P. 30(a)(2), Plaintiff JBS Hair, Inc. requests leave to conduct Rule 30(b)(6) depositions of Defendants Sun Taiyang Co., Ltd. ("Sun Taiyang") and Beauty Elements Corp. ("BE") (collectively "Defendants") in accord with the notices attached as **Exhibits A and B**. These Notices of Deposition seek testimony based on new documents and information ordered to be produced by the Court during the September 3, 2024 hearing: (1) Defendants' revenues, costs and profits for the

1

infringement period; (2) the identification of Defendants' alleged noninfringing alternatives, the period each alleged noninfringing alternative was sold during the infringement period, and the associated revenues, costs and profits; and (3) the identification of Defendants' customers and their addresses for sales of the accused products during the infringement period (hereinafter "topics (1)–(3)").

## I.   BACKGROUND

The substance of the parties' discovery dispute is set forth in the Joint Statement regarding Discovery Disputes, which was filed with the Court on August 13, 2024. The Court held a hearing on September 3 to address the discovery disputes and ordered that JBS file this motion to request leave to conduct additional Rule 30(b)(6) depositions of the Defendants.

During the September 3 hearing, the Court ordered Defendants to produce documents and information responsive to topics (1) and (2), *supra*. The Court also ordered Plaintiff to submit a Notice by September 4, 2024, to the Court confirming that Plaintiff had requested identification of customers and their addresses (topic 3) in sufficient advance of the close of fact discovery on August 19, 2024. Upon filing of Plaintiff's Notice today, Plaintiff understands that Defendants will also be required to produce information responsive to topic (3) as well.

## II.     ARGUMENT

Under Fed. R. Civ. P. 30(a)(2), "the court must grant leave" to take additional Rule 30(b)(6) depositions "to the extent consistent with Rule 26(b)(1) and (2)." *See also In re Int'l Mgmt. Assocs., LLC*, No. 06-62966-PWB, 2011 WL 2461900, at *2 (Bankr. N.D. Ga. May 19, 2011) ("Nothing indicates that granting leave to take a second Rule 30(b)(6) deposition in the circumstances of this proceeding is inconsistent with Rule 26(b)(2). Accordingly, the Court hereby grants leave to the Trustee to take a second Rule 30(b)(6) deposition as proposed."). Under Rule 26(b)(2), discovery and depositions may be precluded if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Nothing in Rule 26(b)(2) is inconsistent with granting Plaintiff leave to take these Rule 30(b)(6) depositions. As discussed during the hearing with the Court, the information and documents being requested in connection with topics (1) – (3) are highly relevant to damages in this case, particularly lost profits damages and reasonable royalty damages.

Moreover, the information being sought in the depositions is new information that was not previously produced to Plaintiff. Defendants have not yet produced the documents and information that are the subject of topics (1) – (3), and only will be doing so in accord with this Court's order yesterday. Without the documents and information pertaining to these topics, Plaintiff was hamstrung from being able to delve into these areas during the prior depositions of Defendants' Rule 30(b)(6) witnesses. Plaintiff will only be able to meaningfully inquire into these topics in Rule 30(b)(6) depositions *after* it receives the demanded (and ordered) discovery from Defendants. Accordingly, leave should be freely given now to take these depositions, and doing so would not be inconsistent with Rule 26(b)(2). Cf. *In re Int'l Mgmt. Assocs.*, 2011 WL 2461900, at *2.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court authorize Rule 30(b)(6) depositions of Defendants Sun Taiyang Co., Ltd. and Beauty Elements Corp. consistent with the attached Rule 30(b)(6) notices of Defendants Sun Taiyang Co., Ltd. and Beauty Elements Corp.

Respectfully submitted, this 4th day of September 2024.

By: */s/Tony V. Pezzano*
Tony V. Pezzano, Esq. (admitted pro hac vice)
Jude A. Fry, Esq.
Mitchell R. Ghaneie, Esq.
Chintan A. Desai, Esq

>Mark D. Klinko, Esq.
>Lippes Mathias LLP
>420 Lexington Avenue, Suite 2005
>New York, New York 10170
>T: (332) 345-4500
>F: (518) 462-5260
>E: tpezzano@lippes.com
>E:  jfry@lippes.com
>E: mghaneie@lippes.com
>E: cdesai@lippes.com
>E: mklinko@lippes.com
>
>
>By: */s/ Warren J. Thomas*
>Warren J. Thomas, Esq. Georgia State Bar No. 164714
>Meunier Carlin & Curfman, LLC
>999 Peachtree NE
>Suite 1300
>Atlanta, Georgia 30309
>T: (404) 645-7700
>F: (404) 645-7707
>
>Ted G. Semaya (admitted pro hac vice)
>Semaya Law Firm
>43 West 43rd Street, Suite 164
>New York, New York 10036-7424
>Tel.: 1.914.844.6480
>E: ted@semayalaw.com
>
>*Attorneys for Plaintiff*
>JBS Hair, Inc.

## CERTIFICATION

This submission has been prepared in accordance with the font and point selections approved by the Court in Local Rule 5.1(B).

>*/s/Warren J. Thomas*

5