IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JBS HAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUN TAIYANG CO., LTD., <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:21-cv-01857-MLB <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SUN TAIYANG CO., LTD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Defendant Sun Taiyang Co., Ltd. ("Sun Taiyang"), submits this Memorandum in Support of Its Motion to Stay All Proceedings under 28 U.S.C. § 1659, until the final determination of the matter now pending before the United States International Trade Commission entitled In the Matter of Certain Pre-Stretched Synthetic Braiding Hair and Packaging Therefor, Inv. No. 337-TA-1415. This motion is brought pursuant to 28 U.S.C. § 1659(a) and the Court's inherent powers.

**I.     BACKGROUND**

Pending before this Court are claims filed by Plaintiff JBS Hair, Inc. ("Plaintiff") alleging infringement of U.S. Patent Nos. U.S. Patent Nos. 10,786,026 ("the '026 patent"); U.S. Patent No. 10,945,478 ("the '478 patent"); and U.S. Patent No. 10,980,301 ("the '301 patent") against Sun Taiyang. Plaintiff also recently filed

a Complaint with the U.S. International Trade Commission ("ITC") under Section 337of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"). The ITC Complaint alleges infringement by Sun Taiyang of the same patents at issue in this lawsuit. On September 6, 2024, the ITC instituted an investigation in response to Plaintiff's Complaint, naming Sun Taiyang, among others, as Respondents in the investigation and placing in issue the same patents asserted in this lawsuit. *See* ITC Notice of Investigation (89 Fed. Reg. 73123 (Sep. 6, 2024)) and ITC Complaint, attached, respectively, as Exhibits A and B to the Declaration of Frederick K. Taylor (respectively, "Exhibit A" and "Exhibit B").

## II.  A STAY OF THIS PATENT INFRINGEMENT LAWSUIT IS MANDATORY UNDER 28 U.S.C. § 1659

Pursuant to 28 U.S.C. § 1659, a party to a district court action who is also a respondent in an ITC investigation involving the same issues has the right to request stay of the district court action. The stay is mandatory and not subject to court discretion:

> In a civil action involving the parties to a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.

28 U.S.C. § 1659.

Plaintiff initiated an ITC investigation against Defendant Sun Taiyang which commenced on September 6, 2024. JBS is asserting the same patents against the same products in both proceedings. (*See* Exhibits A and B to the Declaration of Frederick K. Taylor). Thus, because Sun Taiyang is a party to the present action and respondents in the ITC Investigation involving the same issues, it has a right to have all proceedings in this case automatically stayed.

Federal courts have uniformly held that, pursuant to Section 1659, staying all proceedings concerning the asserted patents means exactly that. Nothing procedural or substantive can go forward. *See Micron Tech., Inc. v. Mosel Vitelic Corp.*, No. CIV 98-0293-S-LMB, 1999 WL 458168, at *3 (D. Idaho Mar. 31, 1999); *see also Alloc, Inc. v. Unilin Decor N.V.*, No. Civ. A 03-253-GMS, 2003 WL 21640372, at *1 (D. Del. July 11, 2003); *Intel Corp. v. Altima Commc'ns, Inc.*, No. CV S-99-2488-GEB, 2003 WL 21856928, at *1 (E.D. Cal. May 20, 2003); *Proxim, Inc. v. 3COM Corp.*, No. C.A.01-155-SLR, 2003 WL 403348, at *1 (D. Del. Feb. 21, 2003). Thus, all pending discovery must be automatically stayed until the ITC determination "becomes final," i.e., when the Commission proceedings are no longer subject to review (i.e., after all appeals have been exhausted or the time for appeal has expired). *See* 28 U.S.C. § 1659, *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). This is so, even if the discovery sought is on an issue the ITC cannot resolve, such as patent damages. *See In re Princo, Corp.*, 478 F.3d 1345, 1356

(Fed.Cir.2007) ("The statute is not limited to a stay of any district court determination of issues pending before the Commission; it extends to any district court 'proceedings' on a 'claim' involving issues pending before the Commission. Here the infringement 'claim' before the district court involves issues pending before the Commission. Damages proceedings relating to such a claim are 'proceedings' that must be stayed. This again serves the purpose of the statute which is designed to bar proceedings in two fora at the same time."), *Micron Tech.*, 1999 WL 458168, at \*5– \*6, ("If a court were to conclude that a patent infringement claim filed in a district court was not subject to a motion to stay under section 1659 even though it concerned the alleged infringement of the same patent before the ITC because the ITC was unable to determine the extent and willfulness of damages caused by the infringement, the automatic stay provision of section 1659 would be rendered a nullity.")

Plaintiff filed its initial ITC complaint on or about August 2, 2024. (*See* Taylor Decl., Ex. B.) Accordingly, Plaintiff has known that there was a strong likelihood that the proceedings here would be stayed if the ITC proceeding were instituted. While the purpose of the automatic stay is to avoid duplicate concurrent proceedings, Plaintiff is seeking to undermine the purpose of 28 U.S.C. § 1659 by seeking discovery that it knows will be paused once the stay is granted. Accordingly,

Sun Taiyang requests that the stay be immediately issued and that it includes all discovery in this litigation.

Respectfully submitted this 27th day of September 2024.

        */s/ Coby S. Nixon*

Anthony J. Dain
(admitted *pro hac vice*)
anthony.dain@procopio.com
Frederick K. Taylor
(admitted *pro hac vice*)
fred.taylor@procopio.com
**Procopio, Cory, Hargreaves & Savitch LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900

Seth Kincaid Trimble
GA Bar No. 851055
strimble@buchalter.com
Coby S. Nixon
GA Bar No. 545005
cnixon@buchalter.com
**Buchalter, A Professional Corporation**
3350 Riverwood Pkwy SE, Ste. 1900
Atlanta, GA 30339
Telephone: 404-832-7530

*Attorneys for Defendant Sun Taiyang Co., Ltd.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

Dated: September 27, 2024  /s/ Coby S. Nixon
Coby S. Nixon

*Attorney for Defendant*