IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JBS HAIR, INC.,<br><br>v.                                         Plaintiff,<br><br>SUN TAIYANG CO., LTD.,<br><br>                                         Defendant. | Civil Action No.<br>1:21-cv-01857-MLB |

**PLAINTIFF JBS HAIR, INC.'S *CORRECTED*[1] RESPONSE
TO MOTION TO STAY PROCEEDING**

Defendant Sun Taiyang Co., Ltd. ("Defendant" or "Sun Taiyang") has moved this Court for a motion to stay the proceedings (D.I. 125) ("Motion to Stay") under 28 U.S.C. § 1659 and the Court's inherent powers until the final determination of the matter now pending before the United States International Trade Commission ("ITC") entitled *In the Matter of Certain Pre-Stretched Synthetic Braiding Hair and Packaging Therefor*, Inv. No. 337-TA-1415.[2] Plaintiff JBS Hair, Inc. ("Plaintiff" or "JBS Hair") respectfully submits the below response.

---

[1] This corrected response corrects errors transposing Beauty Elements (one of the defendants in this Court) with Beauty Essence (one of the defendants in New Jersey).

[2] Beauty Elements, Corp. ("Beauty Elements"), a related Defendant in Civil Action Nos. 21-1859-MLB (NDGa) likewise moved this Court for a motion to stay the proceedings (D.I. 121) ("Motion to Stay") under 28 U.S.C. § 1659. Sun Taiyang and Beauty Elements are collectively referred to herein as "Defendants."

1

In short, Defendant's motion is a last-ditch effort to avoid the last bit of fact discovery, which it has previously and unsuccessfully resisted. While JBS Hair agrees the case "shall" be stayed in accord with § 1659, we merely ask the Court to order the stay following Defendants' still-outstanding production of documents following the September 3 discovery hearing (D.I. 118, 119) and the short deposition related to those documents that the court permitted and for which the Defendants have *agreed* to produce a witness on October 7 or 8—so long as the Court does not order the stay before then.

I. **INTRODUCTION**

Pending before this Court are related lawsuits (Civil Action Nos. 21-1857 and 1859-MLB (NDGa)) filed by Plaintiff JBS Hair for infringement of three different U.S. Patents (collectively the "Asserted Patents") by accused pre-stretched synthetic braiding hair products having a substantially cardioid shaped perimeter ("Accused Products") and imported for sale by Sun Taiyang and Beauty Elements. The discovery and scheduling orders in the two cases here have been coordinated with three parallel infringement actions in the District Court of New Jersey (the "New Jersey Court"), which were filed by JBS Hair for infringement of the same Asserted Patents by SLI Production, Corp. ("SLI"), Hair Zone, Inc. ("Hair Zone") and Beauty

Essence, Inc. ("BE").[3] Defendants SLI, Hair Zone, BE, Sun Taiyang and Beauty Elements are owned by members of the same family, share common directors; thus, they are all related companies.

While Plaintiff JBS Hair does not oppose the Motion to Stay, it does request that the stay order be issued by the Court to begin *following* (1) the still-incomplete production of documents ordered by the Court in the September 4 discovery hearing and (2) the completion of the outstanding Rule 30(b)(6) depositions of Sun Taiyang and Beauty Elements (each only two and a half hours). These depositions are likewise authorized by the Court's Order by docket entry only on September 24, 2024, granting Plaintiff's unopposed Motion for Leave to Request Additional Rule 30(b)(6) Depositions of Sun Taiyang and Beauty Elements (D.I. 116) ("Motion for Leave").[4] A few days later, late on the evening of September 27, the Defendants filed their respective Motions to Stay.

During a meet and confer on September 30, 2024, Defendants agreed to make a Rule 30(b)(6) witness of each Defendant available for their depositions on **October 7** or **October 8, 2024**. But Defendants simultaneously advised JBS Hair that they

---

[3] Those cases have been consolidated under lead case *JBS Hair, Inc. v. SLI Production Corp.*, No. 2:22-cv-01576-SRC-AME (D.N.J. filed Mar. 21, 2022) (the "*DNJ Action*").

[4] The unopposed Motion for Leave was filed by JBS Hair following the Discovery Hearing on September 3, 2024. *See* the Court's minute entries (D.I. 118 and 114, respectively).

would oppose any effort by Plaintiff to actually *conduct* these Court-ordered depositions—scheduled for next week—*prior to* the institution of a stay in this case. Defendants' position is nonsensical: They apparently hope the Court will act quickly enough to enter the stay and avoid the depositions that have already been permitted by the Court and agreed to on dates.

The ITC investigation was instituted on September 6 (shortly after the discovery hearing here). D.I. 125-1 at 2. But Defendants only filed their motions to stay *after* the Court granted Plaintiff's (unopposed) Motion for Leave requesting the depositions *and* joining a motion to move the date for opening expert reports by two weeks. See D.I. 120, 123, 123 (granting motion to modify schedule). Judicial economy dictates that the discovery be completed now, particularly since the Court has already ordered or permitted it, and identical depositions of the related Defendants were recently completed in the parallel cases in the New Jersey Court.

## II. THE DISCOVERY REQUIRED BY THE COURT'S ORDER IS MINIMAL AND CAN BE COMPLETED QUICKLY

The September 3, 2024 Discovery Hearing specifically addressed JBS Hair's efforts to compel limited categories of documents from Defendants pertaining to damages, as well as its request to take Rule 30(b)(6) depositions of each of the Defendants on limited subjects directed to these documents. During that Discovery Hearing, JBS sought documents relating to the following: (1) Defendants' revenues, costs and profits for the infringement period; (2) the identification of Defendants'

alleged noninfringing alternatives, the period each alleged noninfringing alternative was sold during the infringement period, and the associated revenues, costs and profits; and (3) the identification of Defendants' customers and their addresses for sales of the accused products during the infringement period. In addition, JBS sought Rule 30(b)(6) depositions limited to each of these topics (hereinafter "topics (1)–(3)"). During the Discovery Conference, the Court acknowledged that these documents/topics, including customers and their addresses for sales of the accused products were relevant. *See* September 3, 2024 Tr. 19:17-20:8.

Defendants were thus ordered to produce documents responsive to topics (1) and (2) at the Discovery Conference. Defendants produced those documents on September 17, 2024. During the Conference, the Court ordered Plaintiff to file a Notice with the Court confirming that Plaintiff had requested identification of customers and their addresses (topic 3) in sufficient advance of the close of fact discovery on August 19, 2024. Plaintiff complied on September 4, 2024 (D.I. 119). Plaintiff also filed the Motion for Leave to take Rule 30(b)(6) depositions of each of the Defendants, which would be limited to topics (1)-(3) (D.I. 120). Defendants did not oppose that motion, and the Court granted it on September 24 (by docket entry only).

***Outstanding fact discovery has been whittled down to two minor issues***: (1) the production of Defendants' list of customers for the Accused Products and their

5

addresses; and (2) the Rule 30(b)(6) depositions for two and a half hours of each of the Defendants as documented in the Motion for Leave. By failing to respond to the motion for leave, each Defendant has waived any objection to producing a Rule 30(b)(6) witness to testify in connection with each of the subjects listed in the deposition, including the identification of customers and their addresses (topic 3). Moreover, it is apparent that Defendants must produce documents relating to its customers and their addresses to be prepared to testify as to topic 3 required by the Rule 30(b)(6) depositions. The only basis Defendants now use to oppose this discovery is their recently filed Motion to Stay.

### III. FOR PURPOSES OF JUDICIAL ECONOMY, THE ORDERED DISCOVERY SHOULD BE FINALIZED EXPEDITIOUSLY BEFORE THE ISSUANCE OF THE STAY ORDER

There is ample precedent supporting Plaintiff's position that this limited, outstanding discovery should be completed before a stay begins. *See, e.g., Micron Tech., Inc. v. Mosel Vitelic Corp.*, No. 1:98-cv-00293-LMB, 1999 WL 458168, at *5 (D. Idaho Mar. 31, 1999); *Zenith Elecs. LLC v. Sony Corp.*, No. 3:11-cv-02439-WHA, 2011 WL 2982377, at *3–4 (N.D. Cal. July 22, 2011); *Macronix Int'l Co. v. Spansion Inc.*, No. 5:14-CV-01890-BLF, 2014 WL 12647759, at *1–2 (N.D. Cal. Dec. 12, 2014); *Rambus, Inc. v. Nvidia Corp.*, No. 3:08-cv-03343-SI, 2009 WL 982123, at *1 (N.D. Cal. Apr. 13, 2009).

Defendants opt instead to drag their feet and dodge Plaintiff's efforts to finish fact discovery. The Defendants' ongoing obfuscation in connection with discovery, both here and in the New Jersey Court, has been well-documented.

For example, the New Jersey Court entertained a parallel discovery dispute concerning these identical issues and ordered the related defendants there to make these witnesses available for depositions on these subjects. See *DNJ Action*, D.I. 154. The related defendants in the New Jersey actions then attempted to block that Court's discovery order by filing *ex parte* motions to stay the proceedings, apparently as a tact to obtain the stay immediately, while simultaneously preventing JBS Hair from briefing the matter. The New Jersey Court did not grant the *ex parte* motions to stay. *See DNJ Action*, D.I. 171. Instead, the motions to stay have been scheduled for briefing in that Court, with JBS Hair's opposition briefing due on October 7, 2024. Accordingly, the related Defendants' efforts to circumvent the depositions in the New Jersey Court were to no avail—those Court-ordered Rule 30(b)(6) depositions were taken on September 20 and September 24, 2024, respectively.

Turning now to the Defendants' ongoing attempts to evade discovery in this Court, as this Court noted during the September 3 Discovery Hearing, this was not the first time that these parties have appeared before this Court in relation to the same discovery disputes. The Court held an earlier discovery hearing on October 16,

7

2023, again for the purpose of obtaining the same discovery from Defendants. *See* September 3, 2024 Tr. 3:21-6:19.

During the latest Discovery Hearing on September 3, the Court emphasized its commitment to finishing the very limited remaining discovery in a timely, orderly fashion. *See* September 3, 2024 Tr. (D.I. 121) 33:22-34:2: "What I'm committed to is you finishing the discovery that you're talking about without expanding it into new areas. We are on a landing glide slope for discovery and we're going to stay on that glide slope with what's in front of us without bringing new stuff in." The remaining discovery, consisting of Rule 30(b)(6) depositions limited to a few topics, is minimal and can be completed in the next week. Defendants indeed *agreed* to make a witness available October 7 or 8 unless the Court stays the case in the meantime.

Judicial economy dictates that the parties continue to work together to finalize discovery now, instead of many months from now after final determination is reached in the ITC investigation. This is particularly true given the fact that the discovery track of the Georgia actions was purposefully set to run parallel to that of the New Jersey actions. Again, the identical Rule 30(b)(6) depositions of the related New Jersey Defendants on these subjects were completed on September 20 and September 24, 2024, respectively. The Rule 30(b)(6) depositions in Georgia should be completed now as well to maintain that consistency. Moreover, the depositions

8

relate to damages—an area of testimony that will not be duplicative of matters addressed in the ITC proceeding.

### IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court allow that the limited, remaining Rule 30(b)(6) depositions of Sun Taiyang and Beauty Elements be completed before ordering the stay in these cases.

Respectfully submitted, this 1st day of October 2024.

By: */s/Tony V. Pezzano*
Tony V. Pezzano, Esq. (admitted pro hac vice)
Jude A. Fry, Esq.
Mitchell R. Ghaneie, Esq.
Chintan A. Desai, Esq
Mark D. Klinko, Esq.
Lippes Mathias LLP
420 Lexington Avenue, Suite 2005
New York, New York 10170
T: (332) 345-4500
F: (518) 462-5260
E: tpezzano@lippes.com
E:  jfry@lippes.com
E: mghaneie@lippes.com
E: cdesai@lippes.com
E: mklinko@lippes.com

By: */s/ Warren J. Thomas*
Warren J. Thomas, Esq. Georgia State Bar No. 164714
Meunier Carlin & Curfman, LLC
999 Peachtree NE
Suite 1300
Atlanta, Georgia 30309

T: (404) 645-7700
F: (404) 645-7707

Ted G. Semaya (admitted pro hac vice)
Semaya Law Firm
43 West 43rd Street, Suite 164
New York, New York 10036-7424
Tel.: 1.914.844.6480
E: ted@semayalaw.com

*Attorneys for Plaintiff*
JBS Hair, Inc.

# **CERTIFICATION**

This submission has been prepared in accordance with the font and point selections approved by the Court in Local Rule 5.1(B).

*/s/Warren J. Thomas*