IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JBS Hair, Inc.,

          Plaintiff,

                                Case No. 1:21-cv-1857-MLB

v.

Sun Taiyang Co., Ltd.,

          Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Stay Proceedings (Dkt. 125) and the parties' Joint Letter concerning their discovery dispute. (Dkt. 128.) The Court **GRANTS** Defendant's Motion to Stay.

On May 5, 2021, Plaintiff sued Defendant, alleging violations of the following patents: United States Patent No. 10,786,026; United States Patent No. 10,945,478; United States Patent No. 10,980,301. (Dkt. 1 at 3–6.) The parties engaged in extensive discovery. With an end in sight, Plaintiff sought—and the Court granted—leave to conduct additional

depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Dkts. 120, 124.)

In August 2024, Plaintiff submitted a complaint to the United States International Trade Commission ("the Commission") under Section 337 of the Tariff Act of 1930. (Dkt. 125-4 at 2.) The complaint named Defendant as respondent and asserted identical patent infringement claims. (Dkt. 125-4.) On September 4, 2024, the Commission opened a formal investigation into the matter, publishing notice in the Federal Register about a week later. (Dkt. 125-3.) Defendant then timely moved to stay this case pending final action from the Commission. (Dkt. 125.)

Defendant argues that 28 U.S.C. § 1659(a) requires immediate suspension of this case. (Dkt. 125-1 at 2.) The Court agrees. The statute provides that, when the parties to a civil patent action are also parties to a proceeding before the Commission, and the respondent in the Commission action moves for a stay of the civil proceeding, "*the district court shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the

Commission." 28 U.S.C. § 1659(a) (emphasis added). "The statute is not limited to a stay of any district court determination of issues pending before the Commission." *In re Princo Corp.*, 478 F.3d 1345, 1356 (Fed. Cir. 2007). This stay is sweeping, extending "to any district court 'proceedings' on a 'claim' involving issues pending before the Commission." *Id.* Indeed, the statute "requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review." *Id.* at 1355.

Plaintiff does not dispute that the Court must stay this matter. (Dkts. 126 at 3, 128 at 2.) It concedes the parallel proceeding involves the same patents, parties, products, and infringement claims. Plaintiff, nevertheless, argues that, in the name of judicial economy, the Court should allow completion of outstanding discovery. (Dkt. 127 at 6.) Citing a series of cases, Plaintiff says that practice is commonplace. (Dkt. 127 at 6.) Plaintiff's cases are factually inapplicable, most importantly because they included non-overlapping claims on which discovery in the civil action was permitted to continue. *See, e.g.*, *Micron Tech., Inc. v. Mosel Vitelic Corp.*, 1999 WL 458168, at *5 (D. Idaho Mar. 31, 1999) (granting the 28 U.S.C. § 1659(a) stay on the overlapping claims but

allowing discovery on the non-overlapping claims under a discretionary stay analysis); *Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 12647759, at *1 (N.D. Cal. Dec. 12, 2014) (same). Citing *Zenith Electronics LLC v. Sony Corp.*, 2011 WL 2982377, at *3 (N.D. Cal. July 22, 2011) for the principle that discovery may continue on both overlapping and non-overlapping claims, Plaintiff asks the Court to allow the remaining depositions. (Dkt. 128 at 5). But this case is inapplicable. There, the court permitted discovery on all ten patent claims, despite the Commission's pending action regarding three patents. *Zenith Elecs. LLC*, 2011 WL 2982377, at *4. The discretionary stay factors on the non-overlapping seven patent claims afforded the court some discretion. *Id.* at *3. Here, however, the Commission's action duplicates the current case completely, meaning all of the claims at issue in this case are part of the case before the Commission. So Plaintiff's cited case is unhelpful.

The statute at issue requires the Court to stay this proceeding. It leaves no room for continued discovery, even in the name of judicial economy. And the absence of any non-overlapping claims deprives the Court of any wiggle room used by other courts to allow on-going discovery for efficiency purposes. The Court **GRANTS** Defendant's Motion to Stay

immediately the case. (Dkt. 125.) All discovery is halted pending the Commission's final action. This Order resolves the identical discovery dispute. (Dkt. 128.)

**SO ORDERED** this 26th day of November, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE